UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HENRY BENITEZ,

                                 Plaintiff,

                                                                       9:05-CV-1160

    - v -                                                                (NAM)(RFT)

B. MAILLOUX, Prison Guard, Upstate Prison, *et al.*,

                                 Defendants.

**APPEARANCES:**                                                **OF COUNSEL:**

HENRY BENITEZ
Plaintiff, *pro se*
97-A-2553
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ANDREW M. CUOMO                    GERALD J. ROCK, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE**

## ORDER

      Presently before the Court is a Motion for Appointment of Medical Experts filed by *pro se* Plaintiff Henry Benitez. Dkt. No. 102. Defendants oppose this Motion. Dkt. No. 103. Plaintiff has also submitted a Motion for Physical and Mental Examinations. Dkt. No. 102.

**I. BACKGROUND**

      Plaintiff filed this action on September 14, 2005. Dkt. No. 1. In his Complaint, Plaintiff alleges, *inter alia*, 1) he was denied proper and adequate medical care; 2) false disciplinary charges

were placed against him; 3) he was assaulted by prison staff; 4) he was denied meals, personal hygiene products and sanitary housing; 5) he was retaliated against for filing grievances and lawsuits; 6) his legal papers were destroyed; and 7) he was denied access to the courts. *See id.*

## II. DISCUSSION

### A. Motion for Appointment of Medical Experts

Plaintiff brings this Motion for Appointment of Medical Experts pursuant to Rule 706(a) of the Federal Rules of Evidence, and seeks an Order from this Court to appoint four experts, at the Defendants' expense.[1] Plaintiff states that appointment of experts is necessary because "it would be unfair to require" him to "address or rebut" the opinion of the Defendants without the assistance of expert testimony. *Id*.

Defendants oppose this Motion and argue that 1) Plaintiff's Motion is premature, as no discovery has taken place; 2) Plaintiff has not demonstrated "compelling circumstances" requiring Defendants to bear the cost of court-appointed expert witnesses; and 3) the appointment of particular individuals as experts is improper as Plaintiff has not offered any evidence suggesting that those individuals have consented to act in an expert capacity for Plaintiff. Dkt. No. 103 at p. 4.

Pursuant to Federal Rule of Evidence 706, a court may, on its own motion or on a motion by any party, appoint an expert witness. "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *See Polanco v. Selsky*, Civ. No. 9:02-CV-680, Dkt. No. 54 at pp. 1-2 (N.D.N.Y. May 13, 2003) (Treece, M.J.) (quoting *Pabon v. Goord*,

---

[1] It appears Plaintiff is requesting the Court to appoint four different experts to testify regarding a chest injury, a knee injury, Hepatitis B and C infection, and the "mental and psychiatric harm" plaintiff suffers. Dkt. No. 102 at ¶¶ 14, 23, 30, & 35. Plaintiff further requests that the Court appoint particular individuals, namely Dr. Martin W. Korn and Dr. Melvin J. Steinhart, to testify regarding his knee injury and mental condition, respectively. *Id*. at ¶¶ 23 & 35.

2001 WL 856601 (S.D.N.Y. July 30, 2001)).  The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert, in its assessment of technical issues.

In addition, as was noted in *Polanco*, the Court must also be concerned with the substantial expense associated with appointing experts.  In this regard, the mere fact that Plaintiff has been permitted to proceed with this action *in forma pauperis* entitles him only to the right to proceed without prepayment of filing fees and the cost of service.  *See Eng v. Thieran*, Civ No. 04-CV-1146, Dkt. No. 75 at p. 2 (N.D.N.Y.  August 10, 2006) (Lowe, M.J.); *see also* N.D.N.Y.L.R. 5.4(a) ("The granting of an *in forma pauperis* application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees.")

Under the circumstances, the Court is unable to find, at this time, that the appointment of expert witnesses is warranted pursuant to Rule 706(a).  "As a general matter, such measures should be taken sparingly, particularly given the large volume of cases in which indigent prisoners allege the improper deprivation of medical care, and the substantial expense that defendants may have to bear if the Court does appoint an expert."  *Pabon v. Goord*, 2001 WL 856601, at *2.

Accordingly, Plaintiff's Motion for Appointment of Medical Experts is **denied** without prejudice to renew before the trial judge once this matter is set for trial.

### B. Motion for Physical and Mental Examinations

Plaintiff brings a Motion for Physical and Mental Examinations pursuant to Federal Rule of Civil Procedure 35(a) and seeks an Order from this Court directing Defendants to arrange for Plaintiff to undergo various physical and mental examinations and provide him with a "detailed

written report" of the results.[2]  Dkt. No. 102 at ¶¶ 13, 22, 29, & 35.  Plaintiff states that the examinations are necessary because Defendants have not properly diagnosed his conditions and without the examinations Plaintiff would be at a disadvantage at trial.  *Id.*  It appears that Plaintiff is requesting the Court to order Defendants to produce Plaintiff for examinations, the findings and results of which would be used by Plaintiff to rebut the testimony of the Defendants at trial.  Therefore, Plaintiff's Motion for Physical and Mental Examinations is essentially a Motion for Appointment of Medical Experts, in that Plaintiff is seeking an independent medical evaluation which he intends to use at trial.

Accordingly, for the reasons discussed above, this Motion for Physical and Mental Examinations is **denied** without prejudice to renew before the trial judge once this matter is set for trial.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for Appointment of Medical Experts (Dkt. No. 102) is **denied** without prejudice to renew once this matter is set for trial; and it is further

ORDERED, that Plaintiff's Motion for Physical and Mental Examinations (Dkt. No. 102) is **denied** without prejudice to renew once this matter is set for trial; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

---

[2] Specifically, Plaintiff seeks an MRI examination of his chest, an "arthrogram" of his left knee, an examination of symptoms related to his Hepatitis B and C conditions, and a psychiatric examination.  Dkt. No. 102 at ¶¶ 13, 22, 29, & 35.

Date:  March 15, 2007
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge