UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HENRY BENITEZ,
                Plaintiff,

vs.                                                 9:05-CV-1160
                                                          (NAM)(RFT)

B. MAILLOUX; W. BROWN; COOK; S. WALSH;
D. LAWRENCE; J. CHESBROUGH; N. RACE;
N. SMITH; *et al.*,
                Defendants.

---

APPEARANCES:                                  OF COUNSEL:

Henry Benitez
97-A-2553
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York  12953
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo                    Gerald J. Rock, Esq.
Attorney General of the State of New York    Assistant Attorney General
Albany Office
The Capitol
Albany, New York 12224
*Attorney for the Defendants*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

**I.**     **Introduction**

      Plaintiff Henry Benitez commenced this action by filing a *pro se* civil rights complaint setting forth numerous claims arising out of his confinement at Upstate Correctional Facility in 2004. Dkt. No. 1. Currently before the Court is plaintiff's motion for injunctive relief. Dkt. No. 139. Plaintiff claims that his legal papers related to this action were confiscated from his cell and that he is therefore unable to respond to defendants' motion for summary judgment and to otherwise effectively litigate this action.

Plaintiff seeks an order directing return of his legal papers and mandating that searches of plaintiff's cell be recorded by video-tape while this action is pending. *Id*. Defendants have filed papers in opposition to plaintiff's motion. Dkt. Nos. 140, 152. Plaintiff has filed a reply. Dkt. No. 154.

**II.    Discussion**

    **A.    Legal Standard**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *See D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, "the moving party must make a clear or substantial showing of a likelihood of success" on the merits, as well as irreparable harm should the injunction not be granted.  *See id.*

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, No. 96-CV-1097, 1998 WL 566791 at *1 (N.D.N.Y. Sept. 3, 1998) (Munson, S.J.) (citations omitted).  Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008)(citation omitted). Moreover, an inmate alleging a denial of access to the courts must show actual injury as a result of the deficient access to the courts. *Lewis v. Casey*, 518 U.S. 343

2

(1996); *see also Cole v. Artuz*, No. 97 CIV 0977, 2000 WL 760749, at *5 (S.D.N.Y. Jun. 12, 2000).

### B.    Plaintiff's motion

In support of his motion, plaintiff alleges that on February 11, 2008, defendants Mailloux and Oropallo, as well as T. Lumbard (who is not a defendant), confiscated from plaintiff's cell all of his legal documents relating to three active cases he has pending in the Northern District.[1]  Dkt. No. 139 at 1.  Plaintiff claims that the documents were confiscated "with the intended purpose of preventing Plaintiff from prosecuting [his Northern District lawsuits] and as punishment in reprisal for Plaintiff's litigiousness."  *Id*. at 1-2.  Plaintiff alleges that, when asked why the documents were confiscated, Mailloux stated "In retaliation. And I'll get you again."  *Id*. at 2.  Plaintiff states that without the documents, he will be unable to prosecute his pending actions.  *Id*. at 3.  Defendants initially opposed plaintiff's motion arguing that the motion should be denied because "the issues raised by plaintiff's Declaration do not go to the merits of the litigation and [plaintiff], therefore, cannot establish either a likelihood of success on the merits or serious questions as to the merits that would entitle him to injunctive relief."  Dkt. No. 140 at 1-2.  After defendants' opposition papers were received, a letter was submitted by an inmate, Herman Cruz, on behalf of plaintiff, wherein Cruz stated that he "observe[d] numerous staff with a Sergeant via [his] cell door (back door) take numerous papers out of the Plaintiff cell (Benitez) and [he] yelled to him [Benitez] that [he] saw what transpired and agree[d] to provide him with a sworn Affidavit."  Dkt. No. 145 at 1.  After receiving that letter, the Court directed defendants to serve a supplemental response to plaintiff's motion.  Dkt. No. 146.  On May 24, 2008, plaintiff filed a supplemental declaration in support of his request for injunctive relief alleging that on April 11, 2008,

---

[1] Plaintiff claims that the legal documents confiscated relate to the present action as well as to *Benitez v. Duquette*, 9:03-CV-973 (LEK)(RFT) and *Benitez v. Locastro*, 9:04-CV-423 (NAM)(RFT).

defendant Price[2] together with Officer B. Reif and Sergeant McLean[3] confiscated from plaintiff's cell copies of defendants' summary judgment motions filed in the present case as well as in *Benitez v. Duquette*, 9:03-CV-973.  Dkt. No. 149.  In support of this new allegation, plaintiff attached a letter from inmate Daylen Lucas stating that on April 11, 2008, inmate Lucas saw Price and Reif enter plaintiff's cell "with an empty, large plastic garbage can."  Dkt. No. 149 at 14.  Lucas further claimed that when Price and Reif left the cell, "the garbage can contained numerous typewritten legal documents and several empty, large manila envelopes."[4]  *Id*. at 15.

By letter dated May 23, 2008, inmate Cruz rescinded his previous statement that he had witnessed Mailloux, Oropallo, and Lumbard confiscating papers from plaintiff's cell.  Dkt. No. 151.  Cruz now states that these "officers didn't do that (take his legal work)" and that he previously stated that they did because plaintiff "paid [him with] stamps to write [to the Court] and give [plaintiff] an Affidavit."  *Id*.

Thereafter, defendants submitted a memorandum of law urging denial of the motion as unsubstantiated.  Dkt. No. 152.  With respect to plaintiff's claims that his legal papers were confiscated, defendants' counsel avers that "[d]efendants deny these allegations."  *Id*. at 3.  Counsel further states, however, that because plaintiff's motion raises "factual questions that present unique difficulties for the Court in this context," copies of the summary judgment papers in both actions were "provided to plaintiff concurrent with service of this memorandum of law."  *Id*.  As to plaintiff's request that this Court mandate that searches of plaintiff's cell be video-taped during the pendency of this action,

---

[2] Price is a defendant in the present action as well as in *Benitez v. Perry*, 9:07-CV-1089 (GLS)(GHL).

[3] Neither Reif or McLean are defendants in any of plaintiff's actions.  Dkt. No. 149, n.4, 5.

[4] Inmate Lucas also stated that when he told plaintiff what he witnessed, plaintiff said that "Price and Reif had just confiscated all of plaintiff's legal documents pertaining to two separate motions filed by prison officials for summary judgment in two of plaintiff's pending civil rights cases, including the instant action."  Dkt. No. 149 at 15.

defendants deem that request to be "inappropriate in the context of this case...." *Id*. at 4.  Defendants also urge denial of this aspect of plaintiff's motion on the ground that the requested relief would "unduly interfere with the Department of Correctional Services' day to day facility operations." *Id*.

In reply, plaintiff claims that he needs all of his legal papers in order to properly respond to the pending summary judgment motions.  Dkt. No. 154.[5]  Noting defendants' failure to deny the allegations set forth in his motion papers by signed affidavits or other evidence, plaintiff also argues that an order to videotape future cell searches is necessary because, without it, "correctional officers at Upstate will continue to wrongfully confiscate [his] legal documents and thereby continue to prevent [him] from prosecuting [his] pending civil and criminal actions." *Id*. at 4-5.

**1.     Irreparable harm**

"Absent allegations of actual and immediate harm, the plaintiff fails to satisfy the first requirement for the award of injunctive relief."  *Torres v. Viscomi*, No. 3:03CV796, 2004 WL 1348225 at *3 (D.Conn. Jun. 14, 2004).

> Although "the taking of an inmate's papers will often interfere with an inmate's right of access to courts," *Goff v. Nix,* 113 F.3d 887, 892 (8th Cir.1997), the Court may not presume harm, and some showing of impaired access is required. *Oliver v. Fauver,* 118 F.3d 175, 178 (3d Cir.1997).

*Arce v. Walker*, 58 F.Supp.2d 39, 44 (W.D.N.Y. 1999).  Plaintiff has failed to demonstrate that he has suffered actual injury as a result of the alleged confiscation of his legal documents and has not made any showing that he is presently unable to prepare a response to defendants' motion for summary judgment.[6]

---

[5] Plaintiff does not identify any specific documents but rather refers generally to the docket in this action.  The vast majority of those filings are clearly irrelevant to summary judgment.

[6] Plaintiff received an extension of time until July 31, 2008 to respond to defendants' summary judgment motion. Dkt. No. 153.  Since he received duplicate copies of defendants' summary judgment motion a month ago, *see* Dkt. No. 152, he is clearly in a position to respond to the motion. Nonetheless, the Court will grant plaintiff another extension of time to respond to the motion for summary judgment.

Upon due consideration of all the papers submitted herein, and in light of defendants' undertaking to provide plaintiff with additional copies of the summary judgment papers, the Court finds that plaintiff has failed to demonstrate that he is likely to suffer irreparable harm if the requested relief is not granted.

Plaintiff has also not established that he will be irreparably harmed unless future searches of his cell are videotaped. "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Brown*, 1998 WL 566791, *1 (citations omitted). There is no basis in the record upon which the Court may conclude that these events, even if true, are likely to be repeated, nor has plaintiff made any showing that he is likely to suffer harm which is imminent, not remote or speculative.

**2.      Likelihood of success on the merits or sufficiently serious questions**

With respect to the February 11, 2008 incident, the only proof submitted by plaintiff - namely Herman Cruz's statement that he witnessed documents being taken from plaintiff's cell on February 11, 2008 - was later withdrawn by Cruz, who admitted he had lied in exchange for receiving stamps from plaintiff. Dkt. No. 151. Plaintiff has therefore failed to submit **proof or evidence** in support of this part of his motion. To the contrary, inmate Cruz's most recent statement belies plaintiff's claim that his legal documents were confiscated on February 11, 2008. Inmate Cruz now states that "those officers, B. Mailloux, J. Oropallo and Sgt. Lumber [*sic*] didn't take Henry Benitez legal work. [Benitez] paid me stamps to write you and give him an Affidavit." *Id*. To the extent that plaintiff claims that copies of defendants' summary judgment motion papers were confiscated on April 11, 2008, since defendants have now provided plaintiff with duplicate copies of those papers, this part of plaintiff's request is moot. Plaintiff's speculation that more of his papers are likely to be confiscated is insufficient to warrant injunctive relief in the form of Court ordered video-taping.

6

Having considered whether plaintiff has made the required showing of a probability of success on the merits or sufficiently serious questions going to the merits of the underlying claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of plaintiff necessary for the grant of preliminary injunctive relief, the Court finds that he has not.

**C.     Conclusion**

Based upon the foregoing, the Court finds that plaintiff has failed to establish either of the elements required for the issuance of an injunction and his motion is denied.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 139) is **DENIED**, and it is further

ORDERED that plaintiff file papers in opposition to defendants' motion for summary judgment **no later than August 15, 2008**, and it is further

ORDERED that no further extensions shall be granted absent a showing of extraordinary circumstances, and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: July 23, 2008

_____
Norman A. Mordue
Chief United States District Court Judge