UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HENRY BENITEZ,

                              Plaintiff,

          vs.                                                    9:05-CV-1160
                                                                  (NAM)(RFT)

B. MAILLOUX; W. BROWN; COOK; S. WALSH;
D. LAWRENCE; J. CHESBROUGH; N. RACE;
N. SMITH; *et al.*,

                              Defendants.

APPEARANCES:                                OF COUNSEL:

Henry Benitez
97-A-2553
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York  12953
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo                        Gerald J. Rock, Esq.
Attorney General of the State of New York   Assistant Attorney General
Albany Office
The Capitol
Albany, New York 12224
Attorney for the Defendants

**Norman A. Mordue, Chief U.S. District Judge**

**DECISION and ORDER**

By Decision and Order filed July 23, 2008, this Court denied plaintiff's request for preliminary

injunctive relief. Dkt. No. 155. Plaintiff has submitted a motion for reconsideration of the July 23,

2008 Decision and Order ("July Order"). Dkt. No. 156. Plaintiff has also appealed the denial of his

request for preliminary injunctive relief to the Second Circuit Court of Appeals. Dkt. No. 158.

Plaintiff asks this Court to "stay further proceedings in this action pending a determination of [his]

appeal by the Second Circuit Court of Appeals." Dkt. No. 162. Finally, plaintiff asks the Court to

provide him with "copies of all documents described in the Court docket of this case to enable [him] to

oppose defendants' outstanding motion for summary judgment and to appeal the Court's July 25,[1] 2008

order, which denied [his] letter-motion for injunctive relief." *Id.*

In his motion for preliminary injunctive relief, plaintiff claimed that all of the documents

relating to this action were improperly confiscated from his cell and that he was therefore unable to

respond to defendants' motion for summary judgment or to otherwise effectively litigate this action.

Dkt. No. 139.  Plaintiff requested an order directing defendants to return his legal papers and requiring

that cell searches conducted during the pendency of this litigation be recorded by video-tape.  *Id*.

Defendants opposed the motion and denied the allegations set forth therein.  Dkt. No. 140. However, in

light of the "factual questions that present unique difficulties for the Court in this context," defendants

agreed to provide plaintiff with copies of the summary judgment papers filed in this action and in

*Benitez v. Duquette*, 9:03-CV-0973 (LEK/RFT).  *Id*. at 3.  Since (1) defendants' had agreed to provide

plaintiff with new copies of the summary judgment motion papers allegedly confiscated from his cell

and (2) plaintiff had not made the showing of irreparable harm and a likelihood of success on the merits

required for preliminary injunctive relief, the July Order denied plaintiff's request for preliminary

injunctive relief.  Dkt. No. 155.

I.      **Motion for reconsideration**

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in

the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes

necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.

Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789

---

[1] The Order is actually dated July 23, 2008.  *See* Dkt. No. 155.

(2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

The standard for granting a motion for reconsideration is strict.  *See Shrader v. CSX Transp.,*

*Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for reconsideration may not be used to advance new

facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for

relitigating issues already decided by the Court." *Davidson v. Scully,* 172 F. Supp. 2d 458, 461

(S.D.N.Y. 2001) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  In other

words, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued

and disposed of by prior rulings or to put forward additional arguments that a party could have made

but neglected to make before judgment." *Brown v. Middaugh*, No. 96-CV-1097, 1999 WL 242662, *1

(N.D.N.Y. Apr. 21, 1999) (citation omitted).

Plaintiff's motion falls short of the standard required for reconsideration.  Plaintiff does not

suggest that there has been an intervening change in the controlling law.  Plaintiff also has not

presented "new evidence" which was "not previously available."

> "When newly discovered evidence is the basis for reconsideration, the proponent must
> demonstrate that the newly discovered evidence was neither in his possession nor
> available upon the exercise of reasonable diligence at the time the interlocutory decision
> was rendered." *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp.,* No. 02 CV
> 9916, 2006 WL 177169, at *2 (S.D.N . Y. Jan. 25, 2006) (internal quotations marks,
> citation, and emphasis deleted); *cf. Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.,*
> No. 88 Civ. 9127, 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992) ("The Court will not
> set aside a judgment because a frustrated litigant failed to present on a motion for
> summary judgment all facts known by or reasonably available to him.").

*U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007). In support of

reconsideration, plaintiff has submitted copies of his inmate account records for the period May 1,

2008 through June 30, 2008 in an apparent attempt to demonstrate that the unsworn recantation

letter sent by inmate Cruz should be discounted because there were no disbursements for postage

during this period.  *See* Dkt. No. 156-2 at 10; *see also id.* at Exhibits A, B.  These documents were in

existence, and thus available to plaintiff, when his underlying motion for preliminary injunctive relief

was pending before the Court, and therefore they do not constitute new evidence which might warrant

reconsideration.  Moreover, in seeking reconsideration, a party is not allowed to "put forward

additional arguments that a party could have made but neglected to make before judgment."  *See*

*Brown*, 1999 WL 242662 at *1.

The Court will now address whether reconsideration is necessary to remedy a clear error of law or to

prevent manifest injustice.

In seeking reconsideration of the July Order, plaintiff claims that during the period from

January through July, 2008, "Corrections Officers G. Soucia, K. Wilson, and T. Charland repeatedly

denied [plaintiff] writing paper, carbon paper, and law library services in reprisal for my having sued

Soucia" in two civil rights actions.[2]  Dkt. No. 156-2 at 7.  Plaintiff states that he has been trading his

meals for writing supplies, but cannot continue to do so because of concerns with his health. *Id.* at 8.

Plaintiff also claims that "[w]ithout writing paper, carbon paper, and law library services," he cannot

prosecute his legal actions.  *Id*.  Defendants oppose reconsideration on this ground, noting that

plaintiff's motion for preliminary injunctive relief did not set forth any claim regarding plaintiff's

access to writing supplies or to legal resources.  Dkt. No. 157 at 3-4.  Because a motion for

reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to

the Court," *see Davidson v. Scully,* 172 F. Supp. 2d at 461, these arguments put forward by plaintiff do

not provide a basis for reconsideration of the July Order.  However, even if the Court were to consider

plaintiff's contention on the merits, the Second Circuit Court of Appeals has already rejected this

---

[2] Corrections Officer Soucia is a defendant in this action.

argument in *Benitez v. Duquette* when it concluded that the record in that case reflected "that appellees have supplied Benitez with more paper than is typically provided to an inmate under similar circumstances, and that Benitez's access to paper was restricted only after it was discovered that he was hoarding paper in his cell." *See Benitez v. Duquette*, 9: 03-CV-973, Dkt. No. 192.  The Second Circuit also found that Benitez had "not shown that he has been harmed by these restrictions imposed upon him." *Id*.

Plaintiff also seeks to reargue his claims that his legal papers were improperly confiscated in February 2008, that inmate Cruz witnessed that incident, and that he needs access to those documents in order to respond to defendants' motion for summary judgment. Dkt. No. 156-2 at 9-10. A motion for reconsideration is not a proper vehicle for advancing arguments previously rejected. *Shrader*, 70 F.3d at 257 (a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998) (motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'… .") (citations omitted).  This aspect of plaintiff's motion for reconsideration is also denied.

Lastly, plaintiff complains that the duplicate summary judgment papers provided to him by defendants' counsel are incomplete. Dkt. No. 156-2 at 8-9. Defendants indicate that they have now, in their response to this motion for reconsideration, provided plaintiff with copies of the six pages plaintiff identified as "missing." Dkt. No. 157. Accordingly, this portion of plaintiff's motion is denied as moot.

Upon review of all the papers submitted in support and in opposition to plaintiff's motion for reconsideration, the Court concludes that its previous decision was legally correct and did not work a

manifest injustice on plaintiff.  Plaintiff's motion for reconsideration it therefore denied in its entirety.

## II.      Motion for stay

Plaintiff asks the Court to stay further proceedings in this action pending resolution of

plaintiff's appeal to Second Circuit Court of Appeals of this Court's July Order which denied plaintiff's

request for preliminary injunctive relief.  Dkt. No. 162.  Defendants oppose the request.  Dkt. No. 163.

An appeal from an interlocutory order granting or denying preliminary injunctive relief does not

divest the district court of jurisdiction to hear the merits. *Thomas v. Board of Ed.*, 607 F.2d 1043, 1047

n.7 (2d Cir.1979), cert. denied, 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980).

> In deciding a motion for a stay pending appeal, the Court considers whether: (1) the
> applicant will be irreparably injured absent a stay; (2) issuance of the stay will
> substantially injure the other parties interested in the proceeding; (3) the stay applicant
> has made a strong showing that he is likely to succeed on the merits; and (4) the stay is
> in the public interest. *In re World Trade Center Disaster Site Litig*., 503 F.3d 167, 170
> (2d Cir.2007).

*Plummer v. Quinn*, No. 07 Civ. 6154, 2008 WL 383507, at *1 (S.D.N.Y. Feb. 12, 2008).

As defendants point out, further prolonging this litigation at this late stage would be prejudicial

to the defendants "who have an interest in having their [summary judgment] motion heard by this

Court."  Dkt. No. 163 at 2.  Moreover, because plaintiff has been provided with a duplicate copy of

defendants' summary judgment motion, and has in fact already submitted his response to that motion,

the Court finds that plaintiff will suffer no irreparable harm absent a stay and that he has not made a

"strong showing that he is likely to succeed on the merits."  Finally, there is no evidence to suggest that

a stay would be in the public interest.  The Court finds that a review of the factors militate against

granting a stay.  Accordingly, plaintiff's request for a stay is **denied**.

## III.     Request for documents

Plaintiff asks to be provided with copies "of all documents described in the Court docket of this

case to enable [him] to oppose defendants' outstanding motion for summary judgment" and to

prosecute his appeal of the July Order.  Dkt. No. 162.   Despite the fact that plaintiff is proceeding *in*

*forma pauperis*, the Court notes that 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*,

does not state that indigent parties are entitled to complimentary copies of the materials contained in a

court's files.  Instead, a party is required to pay for copies of such documents even though he has been

found to be indigent under this statute.  *See*, L.R. 5.4 (a); *see also Williams v. Coughlin et al.*, No. 95-

CV-1737, slip op. at 2-3 (May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not

included among the delineated expenses for which the Court can direct payment. Moreover, an order

granting a plaintiff the right to proceed in forma pauperis does not entitle that plaintiff to free copies of

documents in the record.") (citation omitted).  Even if in the interest of moving this litigation forward,

the Court were to provide plaintiff with copies of documents on file, many of the documents are clearly

not needed for plaintiff's stated purpose of responding to defendants' summary judgment motion or

prosecuting plaintiff's appeal.[3] At best, the Court finds that plaintiff needs, at most, a copy of his

complaint, defendants' answers, and defendants' summary judgment motion. Defendants have already

provided plaintiff with a duplicate copy of their summary judgment motion.  In light of plaintiff's *pro*

*se* status and because the complaint (Dkt. No. 1) and defendants' answers (Dkt. Nos. 8, 11, 17, 19, 77,

79, 91, 96, 99, and 118) were not a part of that motion, the Clerk of the Court is directed to send

plaintiff a copy of those pleadings, together with a current docket sheet.[4]  Plaintiff's request for copies

---

[3] As defendants note, "the vast majority of the documents listed on the Court docket would have no bearing [on] defendants' entitlement to summary judgment and as such plaintiff does not need them to respond to the pending motion. A review of the docket, for example, shows that most of those documents (more than ninety of them in fact) consist of notices regarding service of process, documents concerning plaintiff's in forma pauperis status, as well as, letters, motions and orders concerning scheduling matters or depositions, none of which would impact plaintiff's response to the motion." Dkt. No. 163 at 1.

[4] Plaintiff may purchase copies of additional documents on file with the Court at a cost of ten cents per page, paid in advance to the Clerk of the Court.

of documents is denied in all other respects.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for reconsideration (Dkt. No. 156) of the July 23, 2008 Decision and Order is **DENIED**; and it is further

ORDERED that plaintiff's motion for a stay of this action pending appeal (Dkt. No. 162) is **DENIED**; and it is further

ORDERED that plaintiff's request for copies of documents on file with the Court (Dkt. No. 162) is **GRANTED** to the extent that the Clerk is directed to provide plaintiff with a copy of the documents identified at docket numbers 1, 8, 11, 17, 19, 77, 79, 91, 96, 99, and 118, together with a current docket sheet.  Plaintiff's request for copies of documents on file with the Court is **DENIED** in all other respects; and it is further

ORDERED that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED

Date:    October 29, 2008

Norman A. Mordue
Chief United States District Court Judge