UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**Henry Benitez,**

           **Plaintiff,**

      v.              9:05-CV-1160 (NAM/RFT)

**B. Mailloux, W. Brown, Cook, S. Walsh, D. Lawrence, J. Chesbrough, N. Race, N. Smith, E. Weissman, C. Richards, L. Wright, Smithers, T. Debyah, P. Sawyer, D. Quinn, N. Bezio, M. Yaddow, D. LaClair, R. Woods, R. Wright, P. Perry, G. LaFrance, E. Liberty, B. Kourofsky, D. King, K. Vann, T. Zerniak, G. Canning, R. Keith, J. Martin, A. Boucaud, M. Tirone, S. Salls, D. Uhler, R. Bishop, D. Clancy, L. Peary, C. Gregory, E. Amberman, F. Kaufman, W. Crozier, K. Bellamy, T. Eagen, V. LaPage, P. Burgess, G. Bedard, S. Garrison, C. Rowe, M. Lambert, K. Caron, J. Boulrice, J. Oropallo, M. McDonald, M. Church, B. Meacham, J. Keating, B. Grant, R. Richards, J. Price, J. McGaw, W. Trombley, C. Champagne, John Does 1-3, P. Gilmore, R. DaFoe, R. Lilledahl, D. Riley, R. Legacy, G. Soucia, J. Anctil, D. Selsky, J. Bennett, J. Botta, W. Welch, and A. Laclair,**

           **Defendants.**

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

HENRY BENITEZ
97-A-2553
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Rd.
Malone, New York 12953
Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO, Attorney General, State of New York
GERALD J. ROCK, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for the Defendants

**NORMAN A. MORDUE, CHIEF U. S. DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this *pro se* action, plaintiff, an inmate in the custody of New York State Department of Correctional Services, seeks money damages under 42 U.S.C. § 1983 for a number of alleged deprivations occurring between July 10, 2004 and the commencement of the action on September 14, 2005.  Defendants move for summary judgment  (Dkt. No. 144), and United States Magistrate Judge Randolph F. Treece issued a Report and Recommendation (Dkt. No. 174) recommending that the motion be granted in part and denied in part.  The Report and Recommendation also contained an Order to Show Cause directing plaintiff to show cause why causes of action should not be dismissed against certain defendants who have not been served.  For the reasons set forth below, the Court adopts the Report and Recommendation in part and rejects it in part, grants summary judgment in part and denies it in part, and dismisses the claims against the defendants who have not been served.

### SUMMARY JUDGMENT

Defendants move (Dkt. No. 144) for summary judgment dismissing this *pro se* prisoner section 1983 complaint.  Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Randolph F. Treece issued a Report and Recommendation (Dkt. No. 174) dated March 25, 2009, recommending that the action be dismissed as against certain defendants.  Plaintiff has submitted an objection (Dkt. No. 178).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  Where only general objections are filed, the Court reviews for clear error.  *See Brown v. Peters*, 1997 WL 599355,*2-3 (N.D.N.Y.), *aff'd*

*without op.*, 175 F.3d 1007 (2d Cir. 1999).  Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein.  *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).  Accordingly, the Court conducts *de novo* review of the issues raised by plaintiff.

Upon *de novo* review, the Court agrees with and adopts most of the excellent and thorough Report and Recommendation of Magistrate Judge Treece.  However, in his objection to the Report and Recommendation, plaintiff explains certain aspects of his case and evidence; partly for this reason, and due to plaintiff's *pro se* status, the Court does not adopt the recommendation to grant summary judgment in defendants' favor with respect to two issues.  Regarding the first issue, the Court denies summary judgment dismissing the excessive force claim against C. Champagne stemming from the alleged beating of plaintiff on July 20, 2004.  In view of plaintiff's *pro se* status, the Court finds that plaintiff's objection, in which he explains his deposition testimony and refers to the allegation in the complaint that Champagne struck him with his baton during the beating, is sufficient to withstand summary judgment.  Thus, the Court denies summary judgment in Champagne's favor regarding this claim.  The Court otherwise adopts Magistrate Judge Treece's Report and Recommendation on this issue, including the recommendation to deny summary judgment dismissing the conspiracy claim related to the alleged beating.

The second issue concerns plaintiff's Eighth Amendment claim regarding the conditions in his cell in the Special Housing Unit ("SHU") from July 19, 2004, until the filing of the complaint on September 14, 2005.  Although this is a close question, the Court finds sufficient evidence in the complaint, deposition, opposition to summary judgment, and other papers to raise

an issue of fact barring dismissal of the Eighth Amendment claim regarding the alleged cold temperature and lack of sink and toilet running water in plaintiff's SHU cell from July 19, 2004 to September 14, 2005, as well as other alleged deprivations for a much shorter period.  Regarding the cold, plaintiff avers that a wide crevice in the cell wall adjacent to his outside exercise pen door was not repaired for a year and a half, permitting cold drafts, snow, and insects to enter and causing him to suffer from "bitter" cold in the winter, and that the exterior wall to which his bed was attached was so cold that he had to sleep on the floor.  According to Superintendent R. Woods' response to plaintiff's grievance regarding the crevice, a work order to close the crevice was submitted on or before February 2, 2005.  Plaintiff, however, claims the work was not done for over a year.  Woods' affidavit does not establish whether or when anyone actually performed the repair work that was ordered.  Further, the fact that the temperature in plaintiff's cell was checked once and found to be acceptable is not enough to warrant summary judgment on this issue.  Deprivation of the basic human need of warmth can constitute an Eighth Amendment violation.  *See, e.g., Benitez v. Straley*, 2006 WL 5400078, *13 (S.D.N.Y. Feb. 16, 2006); *Moore v. Gardner*, 199 F.Supp.2d 17, 36-38 (W.D.N.Y. Mar. 12, 2002).  Regarding unsanitary conditions, plaintiff avers that his cell lacked sink and toilet running water from July 19, 2004 to September 14, 2005.  Woods' affidavit does not completely remove any question of fact regarding this allegation.  In addition, plaintiff claims that when he was placed in the SHU cell on July 19, 2004, it was grossly unsanitary, with fecal matter and dead insects on the floor and walls, and that for some period of time thereafter,[1] he was deprived of cleaning supplies, preventing him

---

[1] Plaintiff's complaint specifies three consecutive days during which this condition lasted, but the complaint is not sufficiently clear to warrant a definite finding that the situation lasted no longer than that

(continued...)

from cleaning the cell, and that he was deprived of toilet paper during the same time period. The factfinder may properly consider these alleged conditions, although occurring only during a limited period, as well as the allegations of lack of running water and bitter cold for a longer period, in evaluating plaintiff's Eighth Amendment claim based on inhumane conditions of confinement. *See generally Gaston v. Coughlin*, 249 F.3d 156, 164-65 (2d Cir. 2001) *and cases cited therein*; *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir. 1967); *compare Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003). Plaintiff has adequately alleged liability on the part of Woods, who visited him in his cell on a number of occasions and was aware of his complaints of the cold, as well as B. Mailloux, T. Debyah, Grant, R. Richards, Smithers, N. Bezio, D. Quinn, J. Price, J. McGaw, Brown, Keating, and Burgess. Plaintiff may also proceed on his claims that defendants Mailloux, Smithers, and Woods conspired to subject him to these conditions; the conclusory conspiracy claim as to Sawyer is dismissed. As against the other defendants named in this cause of action, the record lacks a sufficient basis upon which a rational jury could find personal involvement, supervisory responsibility, and/or deliberate indifference.

Plaintiff also asserts an Eighth Amendment conditions-of-confinement claim alleging he was denied outdoor recreation. The Court agrees with Magistrate Judge Treece that – particularly when viewed in light of plaintiff's deposition testimony – this claim, as well as the claim of conspiracy to deny outdoor exercise, lacks sufficient factual basis to withstand summary judgment. The Court agrees that plaintiff may proceed on his Eighth Amendment claim of deprivation of food on numerous occasions from July 10, 2004 to September 14, 2005. Further,

---

[1](...continued)
three-day period. The Court notes that, although not in evidentiary form, plaintiff states in his Objection to the Report and Recommendation and his Memorandum of Law in opposition to summary judgment that this unsanitary condition and denial of cleaning supplies persisted for almost three weeks.

the Court adopts Magistrate Judge Treece's discussion and recommendation that summary judgment be granted dismissing plaintiff's claims that false misbehavior reports were issued against him in retaliation for his exercise of his First Amendment right to file grievances, that he was denied access to courts, and that he was denied copies of misbehavior reports.

The Court agrees with Magistrate Judge Treece's discussion and recommendation regarding plaintiff's claims of deliberate indifference to his medical needs, verbal harassment, denial of access to the inmate grievance system, and denial of due process in connection with his prospective disciplinary sentences to SHU under *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995). The Court further adopts the remainder of Magistrate Judge Treece's Report and Recommendation.

## ORDER TO SHOW CAUSE

The Report and Recommendation, filed March 25, 2009, contained an Order to Show Cause as follows:

> [W]ithin thirty (30) days of the filing date of this Report-Recommendation and Order, Plaintiff show cause why Defendants D. Lawrence, F. Kaufman, and John Does 1-3 should not be dismissed from this action due to Plaintiff's failure to effectuate service of process pursuant to Fed. R. Civ. P. 4(m). Plaintiff is warned that his failure to respond to this Order to Show Cause within thirty (30) days of the filing date of this Report-Recommendation and Order will result in this Court recommending dismissal of his claims against these Defendants.

On May 1, 2009 (Dkt. No. 176) plaintiff requested an extension of time to respond to the Order to Show Cause until May 20, 2009. Plaintiff also stated that officials refused to furnish writing supplies unless plaintiff provided a letter from the Court confirming plaintiff's court-

imposed deadline.[2] The Court extended the due date for the responding declaration until May 20, 2009, and otherwise denied the request (Dkt. No. 177). As of the date of this Memorandum-Decision and Order, plaintiff has not submitted a declaration in response to the Order to Show Cause. Accordingly, the case is dismissed against D. Lawrence, F. Kaufman, and John Does 1-3 for failure to serve them with process.

## CONCLUSION

It is therefore

ORDERED that the Report-Recommendation (Dkt. No. 174) is hereby adopted in part and rejected in part as set forth above; and it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 144) is granted in part and denied in part as follows: summary judgment is granted dismissing the action against the following defendants: N. Smith, L. Wright, P. Sawyer, D. LaClair, C. Richards, R. Wright, G.

---

[2] The "court-imposed" deadline for responding to the Order to Show Cause was set forth in Magistrate Judge Treece's Report and Recommendation, mailed to plaintiff on March 25, 2009. The Court notes that its May 28, 2009 order in *Benitez v. Locastro* (9:04-CV-423, Dkt. No. 131) set forth plaintiff's lawsuits, the matters pending, and the applicable deadlines. Plaintiff's time to respond to the summary judgment motion in *Benitez v. Locastro* was extended from February 17, 2009, to March 2, 2009, to April 20, 2009, to May 1, 2009, to June 8, 2009. In that case, since February 2009, plaintiff has written four letters to the Court requesting extensions of time (9:04-CV-423, Dkt. Nos. 122, 125, 127, 133), filed the appeal to this Court (9:04-CV-423, Dkt. No. 123), and submitted opposition (9:04-CV-423, Dkt. No. 126) to defendants' motion to submit an exhibit *in camera*. In *Benitez v. Ham*, 9:04-CV-1159, plaintiff's time to respond to defendants' summary judgment motion has been extended five times, from November 18, 2008, to July 10, 2009; during that time he has made eight submissions to the Court. There is no pending motion in *Benitez v. Perry*, 9:07-CV-1089 (plaintiff responded to defendants' dismissal motion on July 2, 2008 after receiving one extension of time; that motion was granted in part and denied in part, Dkt. No. 85). Plaintiff has already responded to the only pending motion in the remaining case, *Benitez v. Duquette*, 9:03-CV-973 (plaintiff responded to defendants' summary judgment motion on December 4, 2008 after receiving five extensions of time). As is evident from this summary, the Northern District of New York has given plaintiff a great deal of consideration in the lawsuits he currently has pending in this district, and plaintiff has pursued them effectively. The Court notes also that in his most recent adjournment requests, plaintiff no longer claims he lacks sufficient writing materials. *See Benitez v. Locastro,* 9:04-CV-423, Dkt. No. 133, 6/12/09; *Benitez v. Ham*, 9:04-CV-1159, Dkt. No. 108, 6/18/09.

LaFrance, E. Liberty, B. Kourofsky, D. King, T. Zerniak, G. Canning, R. Keith, J. Martin, A. Boucaud, S. Salls, D. Uhler, R. Bishop, D. Clancy, L. Peary, W. Crozier, K. Bellamy, T. Eagen, G. Bedard, C. Rowe, M. Lambert, K. Caron, J. Boulrice, J. Oropallo, M. McDonald, B. Meacham, W. Trombley, D. Riley, R. Legacy, G. Soucia, J. Anctil, D. Selsky, J. Bennett, and J. Botta, and otherwise denied; and it is further

ORDERED that the action is dismissed without prejudice against D. Lawrence, F. Kaufman, and John Does 1-3 for failure to serve them with process; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

July 2, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge